IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIE M. ARLETH,

      Plaintiff,

vs.                                                   No. CIV 04-0561 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on October 5, 2004. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket #8] and Memorandum Brief [docket #9], Defendant's Response [docket #10], Plaintiff's Reply [docket #11], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED IN PART,** and that this matter should be remanded to the Commissioner for further proceedings in accordance with this Memorandum Opinion and Order.

### I. Background

Plaintiff, who was born on August 23, 1959, worked as a customer service clerk and an occupational therapist before the onset of her alleged disability. Tr. 81. Plaintiff filed her initial application for disability insurance benefits ("DIB") under Title II of the Social Security Act on, Tr., and for supplemental security income ("SSI") under Title XVI of the Social Security Act on March 17, 2000. Tr. 54-57. Plaintiff alleged that she became unable to work as a result of her disabling conditions on February 23, 2000. Tr. 54. After Plaintiff's application was denied at the initial level,

Tr. 44, and at the reconsideration level, Tr. 43, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on December 19, 2000. Tr. 40-41.

The hearing before the ALJ was held on August 22, 2001, at which Plaintiff appeared and was represented by an attorney. Tr. 306-339. Plaintiff alleged that she was disabled as a result of fibromyalgia and thoracic outlet syndrome. Tr. 80, 315. In a decision dated November 28, 2001, the ALJ denied Plaintiff's claims for DIB and SSI. Tr. 14-27. Plaintiff then filed a request for review with the Appeals Council on December 14, 2001. Tr. 11-12. The Appeals Council denied Plaintiff's request for review on April 22, 2004, Tr. 5-7, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On May 20, 2004, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties [docket # 3 and #4] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative

work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 18. The ALJ found at step two that Plaintiff has severe impairments of fibromyalgia and thoracic outlet syndrome. Tr. 18. The ALJ also found at step two that she had some non-severe impairments: hearing loss and short-term memory problems. Tr. 19. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet any of the Listings. Tr. 19. At step four, the ALJ concluded that Plaintiff retained the RFC to perform a significant range of sedentary work, but that she could not perform her past relevant work. Tr. 25. However, at step five the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff can perform. Tr. 26. Plaintiff contends that the ALJ erred at steps two, four and five.

### IV.  Discussion

#### A.  Whether the ALJ Erred at Step Two of the Sequential Analysis by Not Identifying Plaintiff's Obesity as a Severe Impairment

At the time of the administrative hearing in this matter, Plaintiff stood 65 inches tall and weighed 330 pounds. Tr. 314. Her body mass index was 51.3, which is "extreme" obesity under the policy interpretation language of SSR 02-01p. Although Listing 9.09--Obesity, was removed from the Listings in 1999, SSR 02-01p makes it clear that obesity is still considered a severe impairment which, alone or in combination with other impairments, can result in disability. Paragraphs added to listings for the musculoskeletal, respiratory and cardiovascular body system listings, remind

4

adjudicators to consider obesity's effects when evaluating disability. See listings sections 1.00Q, 3.00I, and 4.00F. The provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. They also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity. SSR 02-01p.

For unknown reasons, neither Plaintiff nor her attorney advanced the issue of her obesity at any time during the administrative process prior to the filing of the Motion to Remand. The burden to prove disability in a social security case is on the claimant. *Hawkins v. Chater*, 113 F.3d 1162 (10th Cir.1997) (citing *Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir 1991). However, unlike the typical judicial proceeding, a social security disability hearing is non-adversarial. *Id*., (citing *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir.1987)), with the ALJ responsible in every case "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised," *Hawkins* at 1162 (citing *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir.1993)); 20 C.F.R. S 404.944 (requiring the ALJ to "look[ ] fully into the issues"). In this instance it is clear that Plaintiff's obesity was an issue, and obesity should have been identified as a severe impairment at step two of the sequential analysis.

The Commissioner argues that, while the ALJ might have failed to identify obesity as a severe impairment at step two, he did consider Plaintiff's obesity at steps three through five of the sequential analysis. The Court finds no evidence that this is so. Specifically, the ALJ at no time cited SSR 02-01p, although he did acknowledge the applicability of SSR 96-2p, SSR 96-6p, SSR 96-7p and SSR 96-8p to the determination of RFC. Tr. 19. It is true that the ALJ noted that various physicians had

diagnosed Plaintiff as obese, or "morbidly obese." However, the Court is not allowed to "read between the lines" of an ALJ's opinion to reach the conclusion that a certain legal issue was considered by the ALJ. To the contrary, the ALJ's decision must be evaluated based solely on the reasons stated in the opinion. *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) Other than noting that Plaintiff was obese, the ALJ's opinion contained no specific analysis of how her obesity, either alone or in combination with Plaintiff's two other severe impairments, limited her ability to perform basic work activities. This analysis is required by SSR 02-01p.

In view of the fact that this matter is being remanded for further proceedings at steps three through five, it is not necessary for the Court to address the issues raised by Plaintiff regarding credibility determinations and application of the grids by the ALJ in the original proceedings. Upon conclusion of the remand proceedings it will be necessary for the ALJ to make a new determination of Plaintiff's RFC, and that determination should be supported by findings made in accordance with applicable Social Security rulings, regulations, and case law.

## V.  Conclusion and Summary

In sum, I find that the ALJ erred at step two of the sequential analysis when he failed to to identify Plaintiff's obesity as a severe impairment. Because the ALJ did not identify obesity as a severe impairment at step two, he did not properly include the impairment of obesity in his analysis at steps three through five. Accordingly, this matter shall be remanded to the Commissioner of Social Security to conduct further proceedings, which shall include:

1)   The Commissioner should add the severe impairment of obesity to the existing step two impairments of fibromyalgia and thoracic outlet syndrome, and re-evaluate steps three through five of the sequential analysis in accordance with the guidelines set forth in SSR 02-1p.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 8] is **GRANTED IN PART,** and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum Opinion and Order.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**